UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | | |
|---|---|---|
| KEVIN J. GAFFNEY, in his official capacity as COMMISSIONER OF THE VERMONT DEPARTMENT OF FINANCIAL REGULATION, solely as LIQUIDATOR of GLOBAL HAWK INSURANCE COMPANY RISK RETENTION GROUP, | ) ) ) ) ) ) ) ) | |
| *Plaintiff*, | ) ) | Case No. 2:21-CV-00273-cr |
| v. | ) ) | |
| CROWE LLP | ) ) | |
| *Defendant/Third-Party Plaintiff*, | ) ) | |
| v. | ) ) | |
| JASBIR S. THANDI, GLOBAL CENTURY INSURANCE BROKERS, INC., JASPREET SINGH PADDA, and QUANTBRIDGE CAPITAL LLC, | ) ) ) ) ) ) | |
| *Third-Party Defendants.* | ) ) | |

## MOTION TO QUASH THIRD-PARTY SUBPOENA OF
## VERMONT STATE TREASURER MICHAEL PIECIAK

NOW COMES Michael Pieciak, the Vermont State Treasurer, by and through the Vermont Attorney General's Office, and respectfully moves pursuant to Federal Rule of Civil Procedure 45 to quash the subpoena seeking his deposition testimony. In support of the motion, he submits the following Memorandum of Law.

1

**Memorandum of Law**

I. **Background**

Pieciak became Vermont State Treasurer in January 2023. He previously served as the Commissioner of the Vermont Department of Financial Regulation ("DFR" or the "Department"), from 2016 until 2022. In his official capacity as DFR's Commissioner, Pieciak filed the above-captioned action, solely as Liquidator of Global Hawk Insurance Company Risk Retention Group ("Global Hawk"), a Vermont nonstock mutual insurance company.

This action arises out of alleged fraud perpetuated by Jasbir Thandi, the controlling officer of Global Hawk, who allegedly forged documents and misrepresented Global Hawk's financial position to conceal its insolvency. Defendant Crowe LLP is an accounting firm that audited Global Hawk's financial statements between 2016 and 2018. *See generally* Opinion and Order dated Oct. 17, 2022 (Doc. No. 24) at 1-2.

Pursuant to Federal Rule of Civil Procedure 25(d)(1), when then-Commissioner Pieciak, as "a public officer" and "a party to an action in an official capacity" ceased to hold office during the pendency of this action against Defendant Crowe LLP, his successor was automatically substituted as a party. As such, current DFR Commissioner Kevin J. Gaffney, in his official capacity, is now the plaintiff of record (referred to hereafter as "Plaintiff").

On April 5, 2023, Plaintiff served Answers and Objections to Defendant Crowe LLP's First Set of Interrogatories, attached hereto as Exhibit A. Of relevance here are Plaintiff's responses to Interrogatory 3 and Interrogatory 6. Interrogatory 3 seeks the identity of all DFR "employees who relied on Crowe's audit work relating to Global Hawk, and for each such person, describe in detail their knowledge . . . ." Ex. A at 5. Subject to the objections asserted, Plaintiff identified the following DFR employees: Jenny Coates and Jim DeVoe-Talluto, who

are examiner/analysts; Jonathan Spencer, Assistant Chief Examiner; Dan Petterson, Director of Examinations, Captive Insurance; and David Provost, former Deputy Commissioner, Captive Insurance. *Id.* at 5-7. The narrative response to Interrogatory 3 then describes DFR's practice once audited financial statements are filed, and states: "Following receipt of each Global Hawk audited financial statement, the Department employee principally responsible for the regulation of the company – David Provost, supported by Dan Petterson and Jonathan Spencer and the examiners/analysts – relied on the audited financial statements to provide reasonable assurance that the numbers reported in Global Hawk's financial statements were accurate[.]" *Id.* at 6. Plaintiff's response to Interrogatory 3 further provides:

> If the audited financial statements had accurately reported Global Hawk's financial condition, then [Deputy Commissioner] Provost and the other Department employees would have taken steps to prevent the company from continuing in operation. If Crowe had reported that Global Hawk was insolvent, that Global Hawk's reported cash assets did not exist, and that the reported capital contributions had not been made as reported, Mr. Provost would have taken steps to prevent the company from continuing in operation. When Mr. Provost learned in May 2020 that Global Hawk's assets did not exist as reported, he took such steps and the Commissioner filed petitions for and obtained a seizure order and then a liquidation order.

*Id.* at 7.

Interrogatory 6 seeks the identity of all DFR "employees who participated in any regulatory decision-making, inquiries, examinations, analysis, or oversight relating to Global Hawk." *Id.* at 11. Subject to objections, including vagueness and overbreadth, Plaintiff responds by identifying the DFR examiners who worked on the examinations of Global Hawk between 2015 and 2019, as well as Jonathan Spencer, Assistant Chief Examiner, who "was the principal examiner respecting Global Hawk [and] directly involved in regulatory decisions including the action plan and seeking the seizure order and liquidation order"; Dan Petterson, Director of Examinations, Captives Insurance, who was "directly involved in regulatory decisions, including

3

the action plan and seeking the seizure order and liquidation order"; and David Provost, then-Deputy Commissioner, Captive Insurance, who "oversaw and was directly involved in the regulation of Global Hawk for the 2015-2020 period." *Id.* at 11-13. Plaintiff's response to Interrogatory 6 also provides that "[e]xamination and analysis staff reported, directly or indirectly, to Mr. Provost." *Id.* at 12. Plaintiff's response to Interrogatory 6 provides further: "Commissioner Pieciak had overall charge of the Department. He approved the decisions to seek a seizure order and then a liquidation order for Global Hawk in May and June 2020." *Id.* at 11-12.

On April 12, 2023, Defendant Crowe served Treasurer Pieciak, through the Attorney General's Office, with a Subpoena to Testify at a Deposition, scheduled for June 30, 2023. The Subpoena is attached hereto as Exhibit B.

## II. <u>Argument</u>

Treasurer Pieciak is a senior member of the Executive Branch of the State of Vermont. *See* Vt. Const., Ch. II. "High-ranking government officials are . . . shielded from depositions because they have 'greater duties and time constraints than other witnesses.'" *Lederman v. New York City Dep't of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013) (analyzing Mayor and former Deputy Mayor of New York City as high-ranking officials) (quoting *In re United States (Kessler)*, 985 F.2d 510, 512 (11th Cir. 1993)). "If courts did not limit these depositions, such officials would spend 'an inordinate amount of time tending to pending litigation.'" *Id.* (quoting *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007)). *See also Monti v. State*, 151 Vt. 609, 613 (1989) ("[P]ublic policy requires that the time and energies of public officials be conserved for the public's business to as great an extent as may be consistent with the ends of justice in particular cases.").

Courts have recognized a limited exception to the general prohibition on compelling high-ranking officials to provide deposition testimony. "[T]o depose a high-ranking government official, a party must demonstrate exceptional circumstances justifying the deposition—for example, that the official has unique first-hand knowledge related to the litigated claims or that the necessary information cannot be obtained through other, less burdensome or intrusive means."[1] *Lederman*, 731 F.3d at 203 (citing *Bogan*, 489 F.3d at 423).[2] Defendant Crowe cannot meet this standard.

Plaintiff's Interrogatory Responses reflect that Treasurer Pieciak does not have unique first-hand knowledge relevant to Plaintiff's liquidation of Global Hawk or any of Crowe's defenses. *See Patient A v. Vt. Agency of Human Servs.*, Case No. 5:14-cv-000206, 2016 WL 1031292, at *1 (Mar. 1, 2016) (applying *Lederman* and looking to discovery responses to preclude depositions of two commissioners). Plaintiff's responses describe then-Commissioner Pieciak as having "overall charge of the Department" and "approv[ing] the decisions to seek a seizure order and then a liquidation order for Global Hawk" based on the work performed by others, including then-Deputy Commissioner Provost and the Department's Captives Division. *See* Ex. A at 11-12; *see also id.* at 7 ("When Mr. Provost learned in May 2020 that Global

---

[1] The *Lederman* standard is consistent with the analysis applied by district courts in the Second Circuit prior to *Lederman*, which two-pronged analysis considered high-level government officials to be deposed only where: (1) the information sought is "not available from any other source" and (2) the deposition does "not hinder the official's ability to perform his or her duties." *Todd v. Hatin*, No. 2:13-cv-05, 2014 WL 5421232, at *1 (D. Vt. Oct. 24, 2014) (quoting *Adler v. Pataki*, No. 96-CV-1950, 2001 WL 1708801, at *2 (N.D.N.Y. Nov. 13, 2001) (granting a protective order)); *see also, e.g., Marisol A. v. Giuliani*, No. 95 CIV. 10533(RJW), 1998 WL 132810, at *2 (S.D.N.Y. Mar. 23, 1998); *Martin v. Valley Nat'l Bank of Ariz.*, 140 F.R.D. 291, 314 (S.D.N.Y. 1991).

[2] "This doctrine applies to both current and former high-ranking officials." *Moriah v. Bank of China Ltd.*, 72 F. Supp. 3d 437, 440 (S.D.N.Y. 2014) (citation omitted). As Treasurer and former DFR Commissioner, Pieciak is both.

Hawk's assets did not exist as reported, he took such steps and the Commissioner filed petitions for and obtained a seizure order and then a liquidation order."). Accordingly, Treasurer Pieciak does not have unique knowledge that Defendant Crowe LLP cannot obtain through other discovery.

For the reasons stated above, Treasurer Pieciak respectfully requests that this Court quash the Subpoena for Deposition Testimony.

DATED at Montpelier, Vermont, this 26th day of April 2023.

        STATE OF VERMONT

        CHARITY R. CLARK
        ATTORNEY GENERAL

By:    */s/ Laura C. Rowntree*
       Laura C. Rowntree
       Assistant Attorney General
       Office of the Attorney General
       109 State Street
       Montpelier, VT 05609-1001
       (802) 595-3717
       laura.rowntree@vermont.gov

       *Counsel for Michael Pieciak,*
       *Treasurer of the State of Vermont*